UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIJAH DONTRELL JACKSON,

                  Petitioner,                              Case No. 1:08-cv-1109

v.                                                HON. JANET T. NEFF

BLAINE C. LAFLER,

                  Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.      Factual allegations

Petitioner Elijah Dontrell Jackson presently is serving a term of 14 to 48 months, imposed by the Kent County Circuit Court on January 2, 2007, after Petitioner pleaded guilty to having escaped from a felony jail sentence in violation of MICH. COMP. LAWS 750.195(2). According to the allegations of the habeas application, following his conviction, Petitioner did not immediately file a direct appeal. Instead, Petitioner filed a motion for relief from judgment under MICH. CT. R. 6.500 on November 5, 2007. Petitioner alleges that the motion was denied on November 13, 2007, apparently without prejudice, because Petitioner still had time to file a direct appeal. Petitioner thereafter filed a delayed application for leave to appeal. The application, filed January 16, 2008, was denied by the Michigan Court of Appeals on March 6, 2008, for failure to pursue the case in conformity with the rules and for lack of jurisdiction because the application was not filed within 12 months of the sentence as required by MICH. CT. R. 7.205(F)(3).

Approximately one week before the state court of appeals dismissed the application for leave to appeal, Petitioner filed a habeas petition in this Court. *See Jackson v. Lafler*, 1:08-cv-187 (W.D. Mich.). On April 21, 2008, this Court dismissed the habeas petition without prejudice because Petitioner had failed to exhaust his available state-court remedies. *See id.* (Ord. Adopting R&R, Apr. 21, 2008, docket #5).

On March 20, 2008, Petitioner filed in the Kent County Circuit Court a motion for relief from judgment under MICH. CT. R. 6.500. In his state-court motion, Petitioner raised the same four grounds he raises in the instant habeas petition. On May 12, 2008, while his motion was pending in the state circuit court, Petitioner filed a second habeas action in this Court. *See Jackson v. Lafler*, No. 1:08-cv-442 (W.D. Mich.). That second habeas petition was dismissed without

prejudice on August 18, 2008, again because Petitioner had failed to exhaust his available state-court remedies. *See id.* (Op. & J., Aug. 18, 2008, docket ##6, 7).

Petitioner's motion for relief from judgment was denied by the Kent County Circuit Court on September 19, 2008. Petitioner alleges that he sought leave to appeal the denial of the motion in the Michigan Court of Appeals and that the court of appeals denied leave to appeal on October 22, 2008. However, according to the order of the court of appeals, which Petitioner attaches to his complaint, Petitioner did not appeal the denial of the September 19, 2008 order, but instead attempted to appeal the January 2, 2007 judgment of conviction. (10/22/08 Mich. Ct. App. (MCOA) Ord., docket #1-2 at 3.) The court of appeals dismissed the appeal for lack of jurisdiction because it was not filed within one year of the judgment of sentence as required by MICH. CT. R. 7.205(F)(3). (*Id.*) Petitioner has filed an application for leave to appeal the dismissal of the court of appeals, but the Michigan Supreme Court has not yet issued a decision. On or about November 26, 2008, Petitioner filed this, his third habeas corpus petition.

II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that he raised all issues in his motion for relief from judgment in the Kent County Circuit Court. According to Petitioner's allegations and attachments to his pleadings, the Kent County Circuit Court denied his motion on September 19, 2008. However, notwithstanding Petitioner's allegations about having filed an appeal, it is apparent that he did not properly appeal the September 19, 2008 order denying the motion for relief from judgment, but instead attempted again to appeal his initial judgment of conviction. The Michigan Court of Appeals therefore never considered the September 19, 2008 circuit court order; it dismissed the untimely appeal of the January 2, 2007 conviction for lack of jurisdiction.

As the Court previously instructed Petitioner, an applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). In order to exhaust his remedies, Petitioner must properly appeal the September 19, 2008 decision of the Kent County Circuit Court to the Michigan Court of Appeals so that the appellate court has an opportunity to consider his claims. Under MICH. CT. R. 7.205(F)(3), Petitioner has one year in which to file a delayed application for leave to appeal to the Michigan Court of Appeals from the September 19, 2008 order of the Kent County Circuit Court. If he is not satisfied with the result of the court of appeals, he must seek leave to appeal from the

Michigan Supreme Court. Therefore, the Court concludes that he has at least one available state remedy.[1]

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* Petitioner was sentenced on January 2, 2007. He filed an application for leave to appeal with the Michigan Court of Appeals on January 16, 2008, which was dismissed because it was untimely. In other words, while Petitioner filed an appeal, he did not properly file an appeal of his conviction in the Michigan Court of Appeals. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). Petitioner had one year, until January 2, 2008, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the time that his appeal was pending in the Michigan Supreme Court; nor may he count the 90-period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include

---

[1] Even if Petitioner had properly filed an appeal to the Michigan Court of Appeals from the Kent County Circuit Court's denial of his motion for relief from judgment, according to Petitioner's own allegations, his appeal remains pending in the Michigan Supreme Court at this time. His state-court review therefore would not be completed, even if it had been properly filed.

the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment

exists from which he could seek further review in the United States Supreme Court); *United States*

*v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§

2244(d)(1)(A) and 2255).  Petitioner's conviction therefore became final on January 2, 2008.  As

a result, absent tolling, Petitioner has one year from that date in which to file his habeas petition.

However, the running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct.

2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v.

Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  The statute of limitations is tolled from

the filing of an application for state post-conviction or other collateral relief until a decision is issued

by the state supreme court.  *Lawrence v. Florida*, 127 S. Ct. 1079 (2007).  Petitioner's motion for

relief from judgment began to toll the habeas limitations period on the date it was filed, March 20,

2008, and it will continue to toll the running of his period of limitations until the Michigan Supreme

Court issues a final decision on his claims or until Petitioner's time for seeking review in the state

court expires.

In  *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that

when the dismissal of a "mixed"[2] petition could jeopardize the timeliness of a subsequent petition,

the district court should dismiss only the unexhausted claims and stay further proceedings on the

remaining portion until the petitioner has exhausted his claims in the state court.  The Court

indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-

---

[2]A "mixed petition" is a habeas corpus petition that contains both exhausted and unexhausted claims.

conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. The instant case does not present a mixed petition because none of Petitioner's claims are exhausted. It is unclear whether *Palmer* applies to a "non-mixed" petition. Assuming *Palmer* applies, Petitioner has far more than sixty days remaining in the limitations period, and, thus, he is not in danger of running afoul of the statute of limitations, so long as he diligently pursues his state court remedies. Therefore, a stay of these proceedings is not warranted.

### Conclusion

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46

(2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  December 22, 2008                          /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge